**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| ABEL M. BROWN, JR., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | **Civil Action No.:** |
| Plaintiff(s), | ) ) ) | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| v. | ) ) ) ) | |
| ERBA DIAGNOSTICS, INC., MOHAN GOPALKRISHNAN, ERNESINA SCALA, SANJIV SURI, and PRAKASH PATEL, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Abel M. Brown, Jr. ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding ERBA Diagnostics, Inc. ("ERBA" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1.      This is a class action on behalf of purchasers of ERBA securities between April 14, 2014 and November 23, 2015, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      ERBA develops, manufactures, and markets diagnostic test kits or assays, and automated systems that are used to aid in the detection of disease markers primarily in the areas of autoimmune, infectious diseases, clinical chemistry, hematology, and diabetes testing. The Company also develops, manufactures, and markets autoimmune reagents and research products for use by research laboratories and commercial diagnostic manufacturers. The Company markets its products through its sales force to hospitals, reference laboratories, clinical laboratories, and research laboratories, as well as to other commercial companies that manufacture diagnostic products in the United States; and through sales representatives and independent agents in Italy, as well as through independent distributors internationally.

3.      The Company was founded in 1980 and is headquartered in Miami Lakes, Florida. ERBA Diagnostics, Inc. is a subsidiary of ERBA Diagnostics Mannheim GmbH. ERBA's shares trade on the NYSE under the ticker symbol "ERB."

4.      Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company lacked adequate controls over financial reporting; (ii) the Company's financial statements during the Class Period were materially false and misleading; and (iii) as a result of the foregoing, Defendants' statements regarding ERBA's business, operations, and prospects were false and misleading and/or lacked a reasonable basis.

5.    On November 20, 2015, post-market, ERBA disclosed that the Company's previously issued financial statements for each of the years ended December 31, 2014 and 2013 and for each of the interim periods ended March 31, 2015 and June 30, 2015 (collectively, the "Non-Reliance Periods") should no longer be relied upon. ERBA further disclosed that it intends to restate its financial statements for the Non-Reliance Periods.

6.    On this adverse news, ERBA's shares fell $0.30, or over 17%, to close at $1.44 on November 23, 2015.

7.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.    The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

10.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the preparation and dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.

11.    In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the

3

United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

12.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased ERBA common stock during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

13.     Defendant ERBA is a Delaware corporation with its principal executive offices located at 14100 Northwest 57th Court, Miami Lakes, Florida 33127.  ERBA's shares trade on the NYSE under the ticker symbol "ERB."

14.     Defendant Mohan Gopalkrishnan ("Gopalkrishnan") has served as the Company's Chief Executive Officer ("CEO") since June 2014.

15.     Defendant Ernesina Scala ("Scala") has served as the Company's Chief Financial Officer ("CFO") since May 2015.

16.     Defendant Sanjiv Suri ("Suri") served as the Company's interim CEO from August 2013 to June 2014.

17.     Defendant Prakash Patel ("Patel") served as the Company's Principal Financial Officer and Principal Accounting Officer from June 2013 to April 2015.

18.     The defendants referenced above in ¶¶ 14-17 are sometimes collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

19.     ERBA develops, manufactures, and markets diagnostic test kits or assays, and automated systems that are used to aid in the detection of disease markers primarily in the areas of autoimmune, infectious diseases, clinical chemistry, hematology, and diabetes testing. The Company also develops, manufactures, and markets autoimmune reagents and research products for use by research laboratories and commercial diagnostic manufacturers. The Company markets its products through its sales force to hospitals, reference laboratories, clinical laboratories, and research laboratories, as well as to other commercial companies that manufacture diagnostic products in the United States; and through sales representatives and independent agents in Italy, as well as through independent distributors internationally.

20.     The Company was founded in 1980 and is headquartered in Miami Lakes, Florida. ERBA Diagnostics, Inc. is a subsidiary of ERBA Diagnostics Mannheim GmbH. ERBA's shares trade on the NYSE under the ticker symbol "ERB."

### Materially False and Misleading Statements Issued During the Class Period

21.     The Class Period begins on April 14, 2014, when ERBA filed an annual report on Form 10-K with the SEC announcing the Company's financial and operating results for the quarter and fiscal year ended December 31, 2013 (the "2013 10-K").  For the quarter, the Company reported a net loss of $0.29 million, or $0.01 per diluted share, on revenue of $6.01 million, compared to net income of $0.71 million, or $0.02 per diluted share, on revenue of $7.72 million for the same period in the prior year.  For 2013, the Company reported net income of $0.68 million, or $0.01 per diluted share, on revenue of $28.26 million, compared to a net loss of $1.55 million, or $0.04 per diluted share, on revenue of $19.35 million for 2012.

22.     The 2013 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by defendants Suri and Patel, stating that the financial information contained in the 2013 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

23.     On May 15, 2014, ERBA filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended March 31, 2014 (the "Q1 2014 10-Q").  For the quarter, the Company reported net income of $0.16 million, or zero per diluted share, on revenue of $6.37 million, compared to a net loss of $0.25 million, or $0.01 per diluted share, on revenue of $6.71 million for the same period in the prior year.

24.     The Q1 2014 10-Q contained signed certifications pursuant to SOX by defendants Suri and Patel, stating that the financial information contained in the Q1 2014 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

25.     On August 12, 2014, ERBA filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended June 30, 2014 (the "Q2 2014 10-Q").  For the quarter, the Company reported net income of $0.45 million, or $0.01 per diluted share, on revenue of $7.54 million, compared to net income of $0.09 million, or zero per diluted share, on revenue of $6.89 million for the same period in the prior year.

26.     The Q2 2014 10-Q contained signed certifications pursuant to SOX by defendants Gopalkrishnan and Patel, stating that the financial information contained in the Q2 2014 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

27.     On November 10, 2014, ERBA filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended September

30, 2014 (the "Q3 2014 10-Q").  For the quarter, the Company reported net income of $0.13 million, or zero per diluted share, on revenue of $6.47 million, compared to net income of $0.13 million, or zero per diluted share, on revenue of $6.94 million for the same period in the prior year.

28.     The Q3 2014 10-Q contained signed certifications pursuant to SOX by defendants Gopalkrishnan and Patel, stating that the financial information contained in the Q3 2014 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

29.     On April 1, 2015, ERBA filed a notice of inability to timely file its annual report for the fiscal year ended December 31, 2014 with the SEC on Form NT 10-K (the "2014 NT 10-K").  The 2014 NT 10-K stated, in part:

> ERBA Diagnostics has delayed filing its Annual Report on Form 10-K for the year ended December 31, 2014. ERBA Diagnostics intends to utilize the fifteen-day extension provided by filing this Notification of Late Filing on Form 12b-25 with the Securities and Exchange Commission and expects to file its Annual Report on Form 10-K for the year ended December 31, 2014 on or prior to April 15, 2015. This delay has occurred as a result of unforeseen delays in connection with completing and filing ERBA Diagnostics' consolidated financial statements and the accompanying footnotes.

30.     On May 15, 2015, post-market, ERBA filed a notice of inability to timely file its quarterly report for the quarter ended March 31, 2015 with the SEC on Form NT 10-Q (the "Q1 2015 NT 10-Q").  The Q1 2015 NT 10-Q stated, in part:

> ERBA Diagnostics has delayed filing its Quarterly Report on Form 10-Q for the three months ended March 31, 2015. This delay has occurred as a result of unforeseen delays in connection with completing and filing ERBA Diagnostics' consolidated financial statements and the accompanying footnotes. ERBA Diagnostics is working diligently to complete and file its Quarterly Report on Form 10-Q.

31.     On this news, ERBA's stock fell $0.34, or 11.1%, to close at $2.71 on May 18, 2015.

32.     On May 15, 2015, ERBA filed an annual report on Form 10-K with the SEC announcing the Company's financial and operating results for the quarter and fiscal year ended December 31, 2014 (the "2014 10-K").  For the quarter, the Company reported a net loss of $0.29 million, or $0.01 per diluted share, on revenue of $6.01 million, compared to net income of $0.71, or $0.02 per diluted share, on revenue of $7.72 million for the same period in the prior year quarter.  For 2014, the Company reported net income of $0.45 million, or $0.01 per diluted share, on revenue of $26.39 million, compared to net income of $0.68 million, or $0.01 per diluted share, on revenue of $28.26 million for 2013.

33.     On June 26, 2015, ERBA filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended March 31, 2014 (the "Q1 2015 10-Q").  For the quarter, the Company reported a net loss of $1.02 million, or $0.02 per diluted share, on revenue of $4.85 million, compared to net income of $0.16 million, or zero per diluted share, on revenue of $6.37 million for the same period in the prior year.

34.     The Q1 2015 10-Q contained signed certifications pursuant to SOX by defendants Gopalkrishnan and Patel, stating that the financial information contained in the Q1 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

35.     On August 5, 2015, post-market, ERBA filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended June 30, 2015 (the "Q2 2015 10-Q").  For the quarter, the Company reported a net loss of $0.55 million, or $0.01 per diluted share, on revenue of $5.95 million, compared to net income of $0.45

million, or $0.01 per diluted share, on revenue of $7.54 million for the same period in the prior year.

36.     The Q2 2015 10-Q stated, in part:

Other Matters
. . .
In connection with our efforts to improve the effectiveness of our internal control over financial reporting, we have undertaken a review of the intercompany transactions among our subsidiaries and the resulting eliminations made, or required to be made, in the process of producing our consolidated financial statements and their impact, if any, on reported assets and liabilities.

37.     On this news, ERBA's stock fell $0.11, or 5.4%, to close at $1.91 on August 6, 2015.

38.     The Q2 2015 10-Q contained signed certifications pursuant to SOX by defendant Gopalkrishnan, stating that the financial information contained in the Q2 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting

39.     On November 16, 2015, ERBA filed a notice of inability to timely file its quarterly report for the quarter ended September 30, 2015 with the SEC on Form NT 10-Q (the "Q3 2015 NT 10-Q").  The Q3 2015 NT 10-Q stated, in part:

ERBA Diagnostics has delayed filing its Quarterly Report on Form 10-Q for the three and nine months ended September 30, 2015. As ERBA Diagnostics has previously reported, in connection with ERBA Diagnostics' efforts to improve the effectiveness of its internal control over financial reporting, ERBA Diagnostics has undertaken a review of the intercompany transactions among its subsidiaries and the resulting eliminations made, or required to be made, in the process of producing its consolidated financial statements and their potential impact on reported assets and liabilities. In furtherance of its efforts to improve the effectiveness of its internal control over financial reporting, and in connection with this review, ERBA Diagnostics has also implemented a new, enhanced balance sheet review process with a particular focus on reconciliation of significant accounts, including, among others, intercompany accounts and corresponding eliminations made, or required to be made, at the consolidated level, and their potential impact on its consolidated financial statements. These

reviews are on-going and the amounts at issue, which may be material, and the periods to which they relate have not yet been concluded. As a result, ERBA Diagnostics has delayed filing its Quarterly Report on Form 10-Q. ERBA Diagnostics is working diligently to conclude these reviews and, thereafter, to complete and file its Quarterly Report on Form 10-Q.

40.     The statements referenced in ¶¶ 21-39 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company lacked adequate controls over financial reporting; (ii) the Company's financial statements during the Class Period were materially false and misleading; and (iii) as a result of the foregoing, Defendants' statements about ERBA's business, operations, and prospects were false and misleading and/or lacked a reasonable basis.

## **The Truth Emerges**

41.     On November 20, 2015, post-market, ERBA disclosed that the Company's previously issued financial statements for the Non-Reliance Periods ended December 31, 2013, December 31, 2014, March 31, 2015 and June 30, 2015 should no longer be relied upon. ERBA further disclosed that it intends to restate its financial statements for the Non-Reliance Periods.

42.     On this adverse news, the Company's stock fell $0.30, or over 17%, to close at $1.44 on November 23, 2015.

43.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired ERBA securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.    Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

45.     The members of the Class are so numerous that joinder of all members is impracticable.    Throughout the Class Period, ERBA securities were actively traded on the NYSE.    While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.    Record owners and other members of the Class may be identified from records maintained by ERBA or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

46.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

47.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

11

48.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of ERBA;

- whether the Individual Defendants caused ERBA to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of ERBA securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

49.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

50.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- ERBA securities are traded in an efficient market;

12

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold ERBA securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

51.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

52.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Against All Defendants For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder)

53.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

54.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

55.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the

other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of ERBA securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire ERBA securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

56. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for ERBA securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about ERBA's finances and business prospects.

57. By virtue of their positions at ERBA, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of defendants

were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

58.     Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of ERBA securities from their personal portfolios.

59.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers and/or directors of ERBA, the Individual Defendants had knowledge of the details of ERBA's internal affairs.

60.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of ERBA.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to ERBA's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of ERBA securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning ERBA's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired ERBA securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

15

61.     During the Class Period, ERBA securities were traded on an active and efficient market.   Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of ERBA securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of ERBA securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of ERBA securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

62.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

63.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the
### Exchange Act Against The Individual Defendants)

64.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

16

65.     During the Class Period, the Individual Defendants participated in the operation and management of ERBA, and conducted and participated, directly and indirectly, in the conduct of ERBA's business affairs.  Because of their senior positions, they knew the adverse non-public information about ERBA's misstatement of income and expenses and false financial statements.

66.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to ERBA's financial condition and results of operations, and to correct promptly any public statements issued by ERBA which had become materially false or misleading.

67.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which ERBA disseminated in the marketplace during the Class Period concerning ERBA's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause ERBA to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of ERBA within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of ERBA securities.

68.     Each of the Individual Defendants, therefore, acted as a controlling person of ERBA.  By reason of their senior management positions and/or being directors of ERBA, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, ERBA to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of ERBA and possessed the power to

17

control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

69.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by ERBA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  December 1, 2015

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein (Florida Bar No.: 0144088)
1792 Bell Tower Lane, Suite 203
Weston, Florida 33326
Telephone:  (954) 315-3454
Facsimile:  (954) 315-3455
Email:  jagoldstein@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood II

18

Marc C. Gorrie
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:   (212) 661-8665
Email:  jalieberman@pomlaw.com
          ahood@pomlaw.com
          mgorrie@pomlaw.com

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

**CERTIFICATION PURSUANT
TO FEDERAL SECURITIES LAWS**

1.   I, _Abel M. Brown JR_ , make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.   I have reviewed a Complaint against ERBA Diagnostics, Inc. ("ERBA Diagnostics" or the "Company") and, authorize the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire ERBA Diagnostics securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired ERBA Diagnostics securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.   To the best of my current knowledge, the attached sheet lists all of my transactions in ERBA Diagnostics securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed _____ _Nov. 30, 2015_____
              (Date)

_____
(Signature)

_Abel M. Brown JR_
(Type or Print Name)

**ERBA DIAGNOSTICS, INC (ERB)**                                    **Brown Jr, Abel M.**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------------------|-------------------|-----------------|
| 09/08/2014 | PURCHASE | 2,000 | $3.3399 |
| 09/29/2014 | PURCHASE | 1,000 | $3.2900 |
| 10/17/2014 | PURCHASE | 1,000 | $2.8180 |